IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANE GRESSEL,

                Plaintiff,

  v.

JAMES THORPE, HYGIENIST LOVELL,
KELLY TRUMM, MICHAEL MEISNER, and
KAREN ANDERSON,

                Defendants.

OPINION & ORDER

15-cv-180-jdp

---

      Plaintiff Shane Gressel is a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the New Lisbon Correctional Institution. Plaintiff, through counsel, filed a complaint alleging that when he was housed at the Columbia Correctional Institution (CCI), DOC staff failed to provide adequate dental care and caused him unnecessary pain. Plaintiff paid the court-assessed initial partial payment of the filing fee.

      The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. After considering plaintiff's allegations, I will dismiss his complaint for failing to comply with Federal Rule of Civil Procedure 8, and I will direct him to file an amended complaint that clarifies his deliberate indifference allegations.

ALLEGATIONS OF FACT

      I draw the following facts from plaintiff's complaint.

On April 27, 2011, while incarcerated at CCI, plaintiff filed a request for dental services, stating that one of his fillings had fallen out and that he was in pain. Plaintiff received treatment at CCI's Health Services Unit (HSU) on June 29, 2011. A hygienist determined that three of plaintiff's teeth (numbers 2, 5, and 12) "needed dental treatment"; plaintiff does not explain what "needed treatment" means. Plaintiff saw a dentist that same day, but the dentist did not treat those teeth.

About one year later, on July 1, 2012, plaintiff filed a second request for dental services, stating that he was in pain. Unidentified HSU staff informed plaintiff that they had placed him on the waiting list. Plaintiff submitted a third request for treatment on August 5, 2012. Again, HSU staff placed plaintiff on the waiting list.

On September 19, 2012, plaintiff wrote a letter to defendant Karen Anderson, the HSU manager, stating that he needed dental treatment (again, plaintiff is not specific) and that he was in pain. A registered nurse responded to plaintiff's letter and informed him that CCI staff had determined that his dental needs were not emergencies and that he would not receive treatment in the foreseeable future.

On October 17, 2012, plaintiff complained to an HSU officer that he had been waiting for over a year to receive dental treatment; HSU scheduled a next-day dentist appointment for plaintiff. Defendant James Thorpe, a DOC dentist, and defendant Lovell, a DOC hygienist, treated plaintiff on October 18, 2012. They concluded that two of plaintiff's teeth (numbers 14 and 20) needed attention; they did not treat teeth 2, 5, or 12. Neither Thorpe nor Lovell consulted plaintiff's dental records.

On November 6, 2012, plaintiff filed another request for dental services, stating that his untreated teeth were still painful. Again, plaintiff does not specifically identify what ailed

him or what treatment he sought. Defendant Thorpe responded that he had placed plaintiff on the waiting list.

Because HSU staff continued to place plaintiff on the waiting list, plaintiff began filing administrative complaints. On September 28, 2012, plaintiff filed an administrative complaint alleging that CCI dental staff had refused to treat him. Joanne Lane (not named as a defendant) dismissed plaintiff's complaint with modification; Lane determined that plaintiff had been experiencing severe dental problems but that his treatment requests had not been specific enough to alert DOC staff to the fact that his problems required prompt attention. Lane dismissed the complaint but forwarded it to HSU for review and to determine whether to treat plaintiff.

In October 2012, plaintiff filed a second administrative complaint alleging that the DOC had prevented him from viewing his medical records. Defendant Kelly Trumm denied the complaint as moot because defendants Thorpe and Lovell had gone over the records with plaintiff. Plaintiff maintained that this "records review" never happened. Administrative reviewers eventually reversed defendant Trumm's decision. Plaintiff does not explain how this administrative complaint and its underlying facts are relevant to plaintiff's claims here.

Plaintiff filed a third administrative complaint after HSU staff refused to treat a filling that had come loose in November 2012. Defendant Thorpe determined that he would fill plaintiff's cavities at a later date, and, as a result, administrative reviewers dismissed the complaint.

Plaintiff filed a fourth administrative complaint after DOC staff treated one of plaintiff's teeth but did not attend to all of his dental issues. Defendant Trumm

recommended dismissing the complaint as untimely, and administrative reviewers approved the recommendation.

Plaintiff alleges that he continued to request dental treatment for cavities and cracked fillings. He received some treatment on December 6, 2012. On March 13, 2013, dental staff at the Wisconsin Resource Center determined that teeth 2, 5, 14, 18, 20, 26, and 28 required treatment, but they did not repair plaintiff's teeth or prescribe him pain medicine at that time.

Plaintiff alleges that all named defendants—Thorpe, Lovell, Trumm, Meisner (the warden), and Anderson—knew about plaintiff's dental problems and were deliberately indifferent to his serious medical needs.

ANALYSIS

Plaintiff alleges an Eighth Amendment deliberate indifference claim for failure to provide adequate dental care, pursuant to 42 U.S.C. § 1983. The Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). For a defendant to be deliberately indifferent

to such a need, he or she must know of the need and disregard it. *Id*. at 834. But "the Eighth Amendment is not a vehicle for bringing claims for medical malpractice." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). A plaintiff must demonstrate more than mere negligence by defendant. *Farmer*, 511 U.S. at 835.

Although plaintiff has sufficiently alleged that he suffered from a serious medical need—namely, untreated cavities and cracked filings—his allegations concerning defendants' deliberate indifference leave something to be desired. Plaintiff's complaint recounts his numerous requests for dental treatment and the pain he experienced as a result of not receiving treatment, but he does not sufficiently implicate any of the individual defendants. Plaintiff mentions that defendants Thorpe and Lovell treated him at various points, but he does not articulate how they knew about a serious medical need and then deliberately disregarded it. Plaintiff mentions writing a letter to defendant Anderson, but he does not explain what she knew about plaintiff's condition or how her actions constituted deliberate disregard for plaintiff's serious medical need. Similarly, plaintiff alleges that defendant Trumm denied several of plaintiff's administrative complaints, but he does not allege what she knew or what she did that would rise to the level of deliberate indifference. And plaintiff does not even mention defendant Meisner, the warden. Supervisors may be liable under section 1983 for their subordinates' actions only if the supervisor himself acted "knowingly or with deliberate indifference." *Backes v. Vill. of Peoria Heights*, 662 F.3d 866, 870 (7th Cir. 2011).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand

5

whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Because plaintiff's complaint does not satisfy Rule 8's standard for pleading an Eighth Amendment deliberate indifference claim, I will dismiss the complaint and allow plaintiff to file an amended complaint that clarifies his deliberate indifference allegations and provides fair notice to defendants of the claims he is asserting against them. He must include specific factual allegations that identify what each individual defendant did to rise to the level of deliberate indifference. As the complaint currently exists, plaintiff relies heavily on passive voice and avoids identifying what, exactly, the named defendants did during the story of his untreated dental problems. But to plead a § 1983 Eighth Amendment deliberate indifference claim, plaintiff must identify how each individually named defendant violated plaintiff's constitutional rights.

ORDER

IT IS ORDERED that:

1. Plaintiff Shane Gressel's complaint, Dkt. 1, is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until May 10, 2016 to file an amended complaint addressing the problems articulated in this opinion. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

3. Plaintiff's motion for screening, Dkt. 6, is DENIED as moot.

Entered April 21, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge