IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANE GRESSEL,

      Plaintiff,

v.                                          Case No. 15-CV-180

JAMES THORPE, et al.,

      Defendants.

---

**DEFENDANTS' MOTIONS *IN LIMINE***

---

**<u>Defendants First Motion *in Limine*</u>**

Defendants move the Court for an order excluding any argument, questions, testimony or evidence with regard to lawsuits, complaints, or newspaper articles relating or referring to the Wisconsin Department of Corrections or the Defendants.

There are several grounds to preclude evidence related to lawsuits, complaints and newspaper articles. As an initial matter, the evidence would be inadmissible hearsay under Federal Rule of Evidence 801.

In addition to the rule against hearsay, the testimony would also be improper "bad acts" evidence. Under the Federal Rule of Evidence 404(b), evidence of other crimes, wrongs or acts is not admissible except as proof of

1

motive, opportunity, intent, preparation, plan, knowledge, identity or accident. There is a four part test for admitting "other acts" evidence:

> First, proof of the other act must be directed towards establishing a matter in issue other than the defendant's propensity to commit like conduct. Second, the other act must be of recent vintage and sufficiently similar to be relevant to the matter in issue. Third, there must be a sufficient amount of evidence for the fact finder to conclude that the similar act was committed. And fourth, the probative value of the evidence must not be outweighed by the danger of unfair prejudice.

*Okai v. Verfuth*, 275 F.3d 606, 610-611 (7th Cir. 2001). Other inmate lawsuits and newspaper articles do not meet any of the four necessary elements.

As for the first element, none of the evidence meets the requirement that the evidence must be "directed towards establishing a matter in issue <u>other than</u> the defendant's propensity to commit like conduct." *Id*. (emphasis added). The issue to be determined at this trial is whether Defendants were deliberately indifferent to Plaintiff's medical needs. Newspaper articles and lawsuit histories do not serve to establish a motive, opportunity, intent, preparation, or plan on the part of defendant relevant to that determination. *See, e.g.*, *Manuel v. City of Chicago,* 335 F.3d 592 (7th Cir. 2003); *Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989); *Matthias v. Accor Economy Lodging*, 2002 WL 1611582, at \*\*2-3 (N.D. Ill. 2002); *Newsome v. James*, 2000 WL 1047822, \*\*2-3 (N.D. Ill. 2000). Any attempt to classify evidence

2

such as previous lawsuits as establishing a matter in issue would simply serve as a smoke screen concealing an effort to establish a propensity toward "bad" conduct.

There is also not "a sufficient amount of evidence for the fact finder to conclude that the similar act was committed." *Id*. This trial should not include mini-trials as to other litigation.

In addition to the grounds of hearsay and improper "bad acts" evidence, reference to complaints, lawsuits or newspaper articles should also be excluded because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403. The main effect of introducing evidence of lawsuit histories would be to prejudice the jury against the defendant and confuse the issues at hand. Discussing issues such as allegations in other lawsuits serves no purpose other than to draw the jury's attention away from the facts of this case and onto the perceived character flaws of the Department of Corrections witnesses. Seventh Circuit precedent establishes that such proposed testimony is properly precluded, especially to the extent that it would result in several mini-trials:

> [Proposed witness Sutton's testimony of] labeling Fattore a "racist" had the potential of being unfairly prejudicial to the City's case. And the potential for confusing or even misleading the jury by engaging in a series of mini-trials over the other accusations of discrimination by Fattore was significant. If that

evidence had been admitted by the district court, the parties would have no doubt argued over the truthfulness of those allegations, necessarily shifting the focus of the trial from Manuel's allegations to Sutton's. It was reasonable for the district judge to have concluded that the risk of unfair prejudice, confusion of the jury, and undue delay outweighed the slight probative value of the other-acts evidence.

. . .

Given the relatively slight probative value of the offer of proof submitted by Manuel in support of her efforts to include the testimony of Barbara Sutton, as well as the potential for unfair prejudice, juror confusion, and delay inherent in allowing a number of "mini-trials" over other allegations of discrimination, we do not believe the district court abused its discretion in excluding this other-acts evidence.

*Manuel*, 335 F.3d at 597-598; *see also Jones v. Hamelman*, 869 F.2d at 1027.

## **Defendants Second Motion *in Limine***

Defendants move the Court for an order excluding any argument, questions, testimony or evidence regarding causation of physical injury, permanence, future care and treatment, or future pain and suffering.

A plaintiff may testify about his own perception of his physical and mental health, before and after the incident. However, no lay witness can opine that the alleged incident caused his physical health problems or offer a medical diagnosis of his alleged injuries. A plaintiff can testify only about his present health conditions and whether they appeared prior to the incident. *Larsen v. Barrientes*, 2010 WL 2772325, at *3 - 4 (N.D. Ind. July 12, 2010)

A damage award for a permanent or future injury must be supported by the opinion of a medical expert which is based upon either a medical certainty or probability. *Ballard v. Lumbermens Mut. Cas. Co.*, 148 N.W.2d 65, 70, 33 Wis.2d 601 (1967). Plaintiff has not identified a medical witness to properly support such a claim. Thus, he cannot assert any claim for permanence or future care and treatment.

Only a medical expert is qualified to express an opinion to a reasonable degree of medical certainty as to whether the pain will continue in the future, and, if so, for how long a period it will so continue. In the absence of such expert testimony, no damages are allowed for future pain and suffering. *Casimere v. Herman*, 28 Wis.2d 437, 440, 137 N.W.2d 73 (1965).

**Defendants Third Motion *in Limine***

Defendants move the Court for an order excluding any argument, questions, testimony or evidence regarding the appropriateness of treatment that Dr. James Thorpe provided to Shane Gressel on May 9, 2011, October 18, 2012, and December 6, 2012.

The Court has already determined that, as a matter of law, the care Dr. James Thorpe provided to Plaintiff on May 9, 2011, October 18, 2012, and December 6, 2012, was appropriate. Therefore, Plaintiff should not be

permitted to argue or provide any testimony or evidence that the care he was provided on these dates was inadequate or otherwise improper.

Dated this 20th day of September, 2017.

    Respectfully submitted,

    BRAD D. SCHIMEL
    Wisconsin Attorney General


    s/Shannon A. Conlin
    Shannon A. Conlin
    Assistant Attorney General
    State Bar #1089101

    Attorneys for Defendants Thorpe and Anderson

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1677
(608) 267-8906 (Fax)
conlinsa@doj.state.wi.us