IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHANE GRESSEL,

    Plaintiff,

    v.                               Case No. 15-CV-180

JAMES THORPE, et al.,

    Defendants.

**DEFENDANTS' PROPOSED ADDITIONAL JURY INSTRUCTIONS**

Defendants submit the attached jury instructions for use at trial in this matter, in addition to this Court's standard instructions.

Dated this 20th day of September, 2017.

                                                        Respectfully submitted,

                                                        BRAD D. SCHIMEL
                                                        Wisconsin Attorney General

                                                        <u>s/Shannon A. Conlin</u>
                                                        Shannon A. Conlin
                                                        Assistant Attorney General
                                                        State Bar #1089101

                                                        Attorneys for Defendants Thorpe
                                                        and Anderson

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1677; (608) 267-8906 (Fax)
conlinsa@doj.state.wi.us

Defendants' Additional Proposed Jury Instruction No. 1

## Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

*Seventh Circuit Federal Jury Instructions—Civil* § 1.18.

Defendants' Additional Proposed Jury Instruction No. 2

### Multiple Claims; Multiple ~~Plaintiffs~~/Defendants

You must give separate consideration to each claim and each party in this case. Although there are TWO defendants, it does not follow that if one is liable, any of the others is also liable. ~~[]~~

*If evidence was admitted only as to fewer than all defendants or all claims*: In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

*Seventh Circuit Federal Jury Instructions—Civil* § 1.25 (modified).

Defendants' Additional Proposed Jury Instruction No. 3

## General: Department of Corrections not a Party

Defendants are being sued as individuals. Neither the [Wisconsin Department of Corrections] nor the [State of Wisconsin] is a party to this lawsuit.

*Seventh Circuit Federal Jury Instructions—Civil* § 7.01 (2017 proposed version) (modified).

<u>Defendants' Additional Proposed Jury Instruction No. 4</u>

<u>General: Requirement of Personal Involvement</u>

Plaintiff must prove by a preponderance of the evidence that <u>the Defendants were</u> personally involved in the conduct that Plaintiff complains about. You may not hold <u>the Defendants</u> liable for what other[s] did or did not do.

*Seventh Circuit Federal Jury Instructions—Civil* § 7.02 (2017 proposed version) (modified).

<u>Defendants' Additional Proposed Jury Instruction No. 5</u>

<u>Limiting Instruction Concerning Evidence of Statutes,
Administrative Rules, Regulations, and Policies</u>

You have heard evidence about whether the Defendants' conduct <u>complied with</u> [ ] <u>policies and procedures</u>. You may consider this evidence in your deliberations. But remember that the <u>issue is</u> whether the Defendant [ ] <u>was deliberately indifferent to Plaintiff's dental problems</u>, not whether a <u>policy or procedure</u> might have been [ ] complied with.

*Seventh Circuit Federal Jury Instructions—Civil* § 7.04 (modified).

Defendants' Additional Proposed Jury Instruction No. 6

Failure to Provide Medical Attention - Elements

To succeed on his claim of failure to provide medical [care; attention], Plaintiff must prove each of the following [four] things by a preponderance of the evidence:

1. Plaintiff had a serious medical need. A serious medical need is a condition that a doctor says requires treatment or something so obvious that even someone who is not a doctor would recognize that it requires treatment.

2. Defendant was aware that Plaintiff had a serious medical need [or strongly suspected facts showing a strong likelihood that Plaintiff had a seriously medical need but refused to confirm whether these facts were true]. []

3. Defendant consciously failed to take reasonable measures to provide treatment for the serious medical need.

Plaintiff does not have to show that Defendant ignored him or provided no care. If Defendant provided some care, Plaintiff must show that Defendant knew [his] [her] actions likely would be ineffective or that Defendant's actions were clearly inappropriate.

In deciding whether Defendant failed to take reasonable measures, you may consider the seriousness of Plaintiff's medical need, how difficult it would have been for Defendant to provide treatment, and whether Defendant had legitimate reasons related to safety or security for failing to provide treatment.

[] You may infer that Defendant [Dr. James Thorpe] consciously failed to take reasonable measures if [Dr. Thorpe's] [action or failure to act] was

such a substantial departure from accepted professional judgment, practice or standards that it showed a complete abandonment of medical judgment.

[]. If [you find that Defendant Karen Anderson] relied on the opinion of a medical professional, [] [Anderson] did not consciously fail to take reasonable measures unless it was obvious that following the medical professional's opinion would cause harm to Plaintiff.

4. As a result of Defendant[s'] actions [or] inaction[s], Plaintiff was [harmed]. Plaintiff may prove that Defendant harmed him with evidence that his condition worsened as a result of Defendant's conduct or that he suffered prolonged, unnecessary pain.

[]

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant[s], and you will not consider the question of damages.

*Seventh Circuit Federal Jury Instructions—Civil* § 7.17 (2017 proposed version) (modified).