In the United States District Court
For the Western District of Wisconsin

Shane Gressel,                )
                              )
    Plaintiff,            )
                              )     15 cv 180
  v.                          )
                              )
James Thorpe, et al.,         )
                              )
    Defendants.           )

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Shane Gressel, by and through his attorney, Mr. Gabriel Benjamin Galloway, submit these proposed jury instructions.

                                    Respectfully submitted,

                                    /s/Gabriel B. Galloway
                                    Attorney for Plaintiff

Gabriel B. Galloway
Attorney At Law
2440 West Augusta Blvd.
Chicago, Illinois 60622
(312) 256-4657
gallowayesq@gmail.com
IL #6286208

EIGHTH AND FOURTEENTH AMENDMENTS:
FAILURE TO PROVIDE MEDICAL ATTENTION - ELEMENTS

To succeed on his claim of failure to provide medical attention, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Plaintiff had a serious medical need;

2. Defendant was deliberately indifferent to Plaintiff's serious medical need;

3. Defendant's conduct caused harm to Plaintiff;

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

Federal Civil Jury Instructions of the Seventh Circuit 7.12 (modified)

EIGHTH AND FOURTEENTH AMENDMENTS: FAILURE TO PROVIDE MEDICAL ATTENTION – DEFINITION OF "SERIOUS MEDICAL NEED"

When I use the term "serious medical need," I mean a condition that a doctor says requires treatment, or something so obvious that even someone who is not a doctor would recognize it as requiring treatment. In deciding whether a medical need is serious, you should consider the following factors:

- the severity of the condition;

- the harm [including pain and suffering] that could result from a lack of medical care;

- whether providing treatment was feasible; and

- the actual harm caused by the lack of medical care.

Federal Civil Jury Instructions of the Seventh Circuit 7.13.

EIGHTH AMENDMENT: FAILURE TO PROVIDE MEDICAL CARE –
DEFINITION OF "DELIBERATELY INDIFFERENT"

When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk to Plaintiff's health, and that Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it.

Federal Civil Jury Instructions of the Seventh Circuit 7.14 (modified)