IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANE GRESSEL,

                              Plaintiff,

v.

JAMES THORPE and KAREN ANDERSON,

                              Defendants.

OPINION & ORDER

15-cv-180-jdp

---

Prisoner Shane Gressel is proceeding on claims that dentist James Thorpe and health services unit manager Karen Anderson delayed treatment for Gressel's dental problems in 2012 while Gressel was incarcerated at the Columbia Correctional Institution, in violation of the Eighth Amendment. The case is scheduled for trial on May 29, 2018.

This order will address three motions in limine filed by defendants: (1) a motion to exclude evidence or argument related to "lawsuits, complaints and newspaper articles,"; (2) a motion to exclude evidence or argument "regarding causation of physical injury, permanence, future care and treatment, or future pain and suffering"; and (3) a motion to exclude evidence or argument related to the adequacy of the treatment received at his dental appointments in May 2011, October 2012, and December 2012. Dkt. 39. Gressel did not file any motions in limine.

None of defendants' motions require extended discussion. As to the first motion, defendants do not identify any "lawsuits, complaints and newspaper articles" that they wish to exclude, but Gressel does not oppose the motion, so the court will grant it.

As to the second motion, defendants' argument seems to be that Gressel cannot present evidence of his injuries because he does not have a medical expert. But the court of appeals has

rejected that view in multiple cases. *Ortiz v. City of Chicago*, 656 F.3d 523, 534–35 (7th Cir. 2011) (rejecting view that expert testimony was needed in case of prisoner who died in custody; "a jury could infer, based on medical records and witness testimony, that the defendants caused [the prisoner] harm when they failed to take her to the hospital after they knew she suffered from a serious medical condition"); *Gayton v. McCoy*, 593 F.3d 610, 624–25 (7th Cir. 2010) ("Expert testimony is not always necessary to establish causation in a case where an inmate alleged that prison employees violated his . . . rights by failing to provide him with adequate medical care."). *See also Brown v. Burlington N. Santa Fe Ry. Co.,* 765 F.3d 765, 771 (7th Cir. 2014) (questioning whether expert testimony is needed when plaintiff alleges "discrete, easily comprehensible injuries"); *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 865 (7th Cir. 2010) ("[T]he general rule is that expert testimony is not necessary to prove causation if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience or observation.") (internal quotations omitted).

In accordance with these cases, Gressel may testify about the pain and other symptoms he experienced while he was waiting for care, and he may present whatever medical records he has that support his claim. But the court agrees with defendants that Gressel is not qualified to testify about future harm that he may experience as a result of defendants' conduct.

Finally, the court will grant the third motion related to evidence about the adequacy of the care Gressel received at his May 2011, October 2012, and December 2012 dental appointments. Gressel did not identify any problems with the treatment he received in May 2011 and the court granted defendants' motion for summary judgment regarding the adequacy

2

of the treatment that defendant Thorpe provided at the October 2012 and December 2012 appointments. Dkt. 37, at 16-18. Thus, this issue is no longer relevant.

ORDER

IT IS ORDERED that

1. The motion in limine filed by defendants James Thorpe and Karen Anderson to exclude evidence or argument related to "lawsuits, complaints and newspaper articles," Dkt. 39, is GRANTED as unopposed.

2. Defendants' motion in limine to exclude evidence "regarding causation of physical injury, permanence, future care and treatment, or future pain and suffering," Dkt. 39, is GRANTED in part and DENIED in part as described in this order.

3. Defendants' motion in limine to exclude evidence about the adequacy of the care Gressel received at his May 2011, October 2012, and December 2012 appointments, Dkt. 39, is GRANTED.

Entered April 30, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge