IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANE GRESSEL,

|  |  |  |
|---|---|---|
| | Plaintiff, | FINAL PRETRIAL |
| v. | | CONFERENCE ORDER |
| JAMES THORPE and KAREN ANDERSON, | | 15-cv-180-jdp |
| | Defendants. | |

---

The court held a final pretrial conference on May 23, 2018, before United States District Judge James D. Peterson. Plaintiff Shane Gressel appeared by counsel, Gabriel Galloway. Defendants James Thorpe and Karen Anderson appeared by counsel, Shannon Conlin and Rachel Bachuber.

Counsel predicted that the case would take one or two days to try. The court will inform the jurors that the trial could take up to three days. Trial days will begin at 9:00 a.m. and will run until 5:30 p.m., with at least an hour for lunch, a short break in the morning, and another in the afternoon. Counsel may be required to be in court earlier than 9:00 a.m. to address matters without the presence of the jury. On the first day of trial, counsel are directed to appear at 8:30 a.m.

Counsel discussed the voir dire questions and preliminary instructions as distributed. Neither side had any objections at this time, but the court gave the parties until Friday, May 25, at 6:00 p.m. to raise any objections to the voir dire, instructions, and special verdict form after further review. Defendants proposed including Seventh Circuit Pattern Instruction § 7.27, which relates to cases in which the parties dispute whether a prisoner suffered a physical injury.

Final decisions on the post-trial instructions and verdict form will be made at the instruction conference near the end of trial.

Absent a different agreement, counsel must exchange exhibits to be used in openings by 5:00 p.m. on Monday, May 28. The court has received electronic copies of both sides' exhibits. The only proposed exhibit in dispute is a document titled "DOC Work Rules, Executive Order #43." Because Gressel could not identify any relevance of the exhibit, the court sustained defendants' objection. Gressel did not object to a new demonstrative exhibit defendants offered.

Counsel should keep in mind that opening statements are an overview of the evidence. Arguments are to be reserved for the end of the trial.

Counsel indicated that they will familiarize themselves with the court's visual presentation system. Counsel should use the microphones at all times and address all objections to the bench, not to opposing counsel. If counsel need to consult with one another, they should ask for permission to do so. Only the lawyer questioning a particular witness may raise objections to questions put to the witness by the opposing party and argue the objection at any bench conference.

If counsel call the opposing party's witnesses as adverse witnesses, counsel for the opposing party may choose whether to ask only clarifying questions of the witness and call the witness in its own case or do all its questioning during its opponent's case, in which case the party calling the witness will have an opportunity to respond with questioning. If counsel choose the first option, they may are free to call the witness during their case. Counsel have the same two options as to any adverse witness; they are not bound by their decision on

questioning any previous witness. Counsel for the witness should inform the court which approach it will be taking before beginning the examination.

The court already ruled on the motions in limine. Dkt. 72. The only motion before the court was defendants' motion to exclude the testimony of two prisoner witnesses and require Gressel to pay for the cost of deposing those witnesses. Gressel said that the witnesses, Anthony Riach and Leroy Kuhnke, could corroborate Gressel's testimony that he experienced adverse health consequences while waiting for dental care. The court will exclude Riach's testimony because Riach did not meet Gressel until years after the events relevant to this case. But the court will allow Kuhnke to testify about his observation that Gressel had lost weight while both of them were housed at the Columbia Correctional Institution. The court will not permit Kuhnke to testify about his own lawsuit. Because it appears that Gressel's counsel had a good faith basis for naming both witnesses, the court will deny defendants' request for sanctions.

ORDER

IT IS ORDERED that defendants' motion to exclude the testimony of Anthony Riach and Leroy Kuhnke and for sanctions is GRANTED in part and DENIED in part. The motion is GRANTED as to Riach and his testimony is excluded. The motion is DENIED as to Kuhnke and as to defendants' request for sanctions.

Entered May 25, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3